UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 97-4542

ANTHONY LEWIS SWANN,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CR-97-17)

Submitted: June 9, 1998

Decided: June 26, 1998

Before HAMILTON and MOTZ, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Alan H. Yamamoto, Alexandria, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, David Frohlich, Special Assistant
United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Anthony Lewis Swann pled guilty to possession of marijuana with intent to distribute, see 21 U.S.C.A. § 841 (West 1981 & Supp. 1998), after he was caught trying to smuggle 4.9 grams of marijuana into Lorton Reformatory in northern Virginia. Swann had two prior felony drug convictions and qualified as a career offender. See U.S. Sentencing Guidelines Manual § 4B1.1 (1995). Swann's guideline range was 37-46 months. He received a sentence of thirty-seven months imprisonment. Swann asserts on appeal that the district court should have sentenced him to no more than 36 months under 21 U.S.C.A. § 844 (West Supp. 1998) (Simple Possession) because his offense involved the distribution of a small amount of marijuana for no remuneration. See 21 U.S.C.A. § 841(b)(4). We affirm.

Swann claimed that he intended to give the marijuana to his cousin, an inmate at Lorton. Under § 841(b)(1)(D), a person convicted of an offense involving less than fifty kilograms of marijuana is subject to a sentence of no more than five years imprisonment, except as provided in paragraphs (4) and (5) of the same subsection. Paragraph (4) provides that any person who violates § 841(a) "by distributing a small amount of marijuana for no remuneration shall be treated as provided in section 844 of this title and section 3607 of Title 18." 21 U.S.C.A. § 841(b)(4). Section 844 provides for a maximum term of thirty-six months when the defendant has two prior drug convictions. Swann argued at sentencing that his offense involved distribution of a small amount of marijuana and, therefore, he should be sentenced to no more than thirty-six months imprisonment. However, the district court decided that 4.9 grams of marijuana was not a small amount in a prison setting. Swann appeals, alleging that 4.9 grams of marijuana is a small amount, even in a prison, and that, consequently, the statutory maximum sentence was thirty-six months.*

_____

*Because he had two prior drug convictions, Swan is ineligible for treatment under 18 U.S.C. § 3607 (1994), which allows district courts to impose pre-judgment probation on first-time drug offenders, and for treatment under the portions of § 844 which provide a maximum one-year term of imprisonment for first-time drug offenders and a maximum two-year term of imprisonment for drug offenders with one prior drug conviction.

2

Neither § 841(b)(4) nor the legislative history of the Controlled Substance Act gives any definition of "small amount." Thus, "Congress left `small amount' open for the courts to decide, indicating [by its failure to specify a particular weight] that the determination should not be based purely on weight." United States v. Damerville, 27 F.3d 254, 259 (7th Cir. 1994). We review the district court's factual determination under the clearly erroneous standard. See United States v. McDonald, 61 F.3d 248, 255 (4th Cir. 1995). Here, we cannot say that the district court clearly erred.

The sentence is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3